**BI YING LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2575–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Yan Wang, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Marion E. Guyton, Trial

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as a respondent in this case.

Attorney, U.S. Dept. of Justice, Washington, D.C., for respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Bi Ying Lin, a native and citizen of the People's Republic of China, seeks review of a May 30, 2007 order of the BIA, denying her motion to reopen her removal proceedings. *In re Bi Ying Lin,* No. A76 003 884 (B.I.A. May 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001)).

We conclude that the BIA did not abuse its discretion when it denied Lin's motion to reopen. The applicable regulations provide that a party must file a motion to reopen no later than 90 days after the date on which the final administrative order of removal was issued. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the regulations also provide that the time and numerical limitations shall not apply if the motion is based on "changed circumstances arising in the country of nationality or the country to which [removal] has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Lin filed her motion to reopen roughly four years after the final agency disposition in her case; therefore, the BIA properly framed its inquiry as whether she had provided material evidence of changed country conditions that was not available at the time of her previous proceeding. In support of her motion, Lin provided unofficial translations of documents entitled "Population and Family Planning Regulation of Fujian Province" and "Population and Family Planning Law of the People's Republic of China," the 2005 State Department Report on Human Rights in China, and two articles about family planning in China. The BIA found that this evidence did "not provide adequate support for the contention that a returning individual with one 7–year–old child born in the United States will be persecuted upon return to China."

In her brief to this Court, Lin points to a provision, allegedly from China's 2005 family planning law, that concerns when "returned overseas Chinese" may give birth to a second child. That provision does not indicate that individuals in Lin's circumstances will be persecuted. The BIA properly distinguished our holding in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). In that case, we remanded to the BIA for further consideration of materials similar to those that Lin provided to the BIA in support of her motion to reopen. However, the BIA correctly noted that Guo was specific to the potential well-founded fear of a "parent of two children," which makes it clearly distinguishable from Lin's case. *Id.* at 115. In cases such as Lin's, where petitioners only have one child, a claim of a well-founded fear of persecution may appropriately be consid-

ered speculative. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 265 (2d Cir. 2007)("[T]he *Guo* documents are not material to claims by Ni, who has had a single child."). Therefore, the BIA did not abuse its discretion in denying Lin's motion to reopen.

While Lin argues that the BIA's denial of her motion to reopen violates her due process rights under the Fifth Amendment, she offers no explanation of how she was denied a meaningful opportunity to be heard other than describing the BIA's decision as "hasty." We therefore find that she does not make a colorable constitutional claim. *See Saloum v. U.S. Citizenship & Immigration Servs.,* 437 F.3d 238, 243 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.